993 F.2d 1536
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John F. FLOYD, Plaintiff-Appellant,
v.
ROYAL INSURANCE COMPANY OF AMERICA; Riedman Corporation,
Defendants-Appellees.
 No. 92-2284.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 30, 1993
Decided: May 20, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-90-1026-6-3)
 Argued: Edward Randolph Cole, Drennan, Shelor, Cole & Evins, Spartanburg, South Carolina, for Appellant.
 Nathaniel H. Clarkson, III, Gibbes & Clarkson, Greenville, South Carolina, for Appellee Royal Insurance; Brent O. E. Clinkscale, Haynsworth, Marion, McKay & Guerard, Greenville, South Carolina, for Appellee Riedman Corp.
 On Brief: N. Heyward Clarkson, Gibbes & Clarkson, Greenville, South Carolina, for Appellee Royal Insurance; G. Dewey Oxner, III, Haynsworth, Marion, McKay & Guerard, Greenville, South Carolina, for Appellee Riedman Corp.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant John F. Floyd challenges an order of the district court granting summary judgment to defendants-appellees, Royal Insurance Company ("Royal") and Riedman Corporation ("Riedman").
 
 
 2
 Floyd owned a yacht named the "Diamond Girl," which he continuously insured with Royal from December 5, 1984, until it sank during Hurricane Hugo on September 22, 1989. Until December 5, 1987, the yacht had been insured for $237,000. In March 1988, after completing a survey on the boat that estimated its value at between $229,350 and $251,900, Royal offered to renew Floyd's coverage at $237,000. Floyd never learned of this offer because Ralph Mitchell, the Riedman insurance agent handling the account, never communicated it to him. Nor did Floyd learn of the results of the survey, because Royal refused to disclose them. In December 1988, however, Floyd agreed with Mitchell to reduce the coverage to $200,000, at which rate it remained until the yacht sank in the hurricane. Floyd made two attempts to retrieve his personal property from the boat but was only partially successful. Royal then initiated salvage operations in which the boat was essentially destroyed. In accordance with the policy, see J.A. at 433, Royal paid Floyd $200,000 for the loss of his boat and $500 for the loss of personal property.
 
 
 3
 Floyd then brought the instant lawsuit against Royal for reformation of the insurance contract, bad faith, negligence (in the salvaging of the boat), conversion, and unfair trade practices, see S.C. Code Ann. §§ 39-5-10 et seq. He amended the complaint to add Riedman on the reformation and bad faith counts. The district court, on April 26, 1991, granted summary judgment for both defendants.*
 
 
 4
 In so ruling, the district court held that the insurance policy was an "agreed value policy," that is, that "[t]he parties to the policy [had] agree[d] to the value of the property insured" as $200,000 for the yacht and $500 for personal property, and that "therefore it [was] unnecessary to prove the actual value." J.A. at 117 (citing Clark v. Aetna Casualty & Sur. Co., 778 F.2d 242 (5th Cir. 1985)). Because Royal had paid the agreed amount, and because there was no evidence of mistake, the court concluded, Floyd could not maintain a claim for reformation of the contract against Royal. Nor could he maintain such a claim against Riedman, the court added, because Riedman was not a party to the contract. Floyd's bad faith claims also failed-against Royal because it had no duty to disclose the results of its own survey, and against Riedman because no contract existed between Floyd and Riedman. No Unfair Trade Practices Act claim lay, because that statute provides no cause of action for "private wrongs." Id. at 118 (citing Noack Enters., Inc. v. County Corner Interiors, Inc., 290 S.C. 475, 351 S.E.2d 347 (Ct. App. 1986)). Finally, the court rejected Floyd's negligence and conversion claims arising out of the salvage of the boat, concluding: "Royal had the authority to supervise the salvage of the boat and paid Mr. Floyd all that he was due under the agreed value policy." Id. at 118 & n.2.
 
 
 5
 We have read the briefs, heard oral argument, and given thorough consideration to Floyd's contentions. Finding no error in the opinion of the court below, we affirm on the reasoning of the district court. See Floyd v. Royal Ins. Co., No. CA-90-1026-3 (D.S.C. April 26, 1991), reprinted in J.A. at 110-19.
 
 AFFIRMED
 
 
 *
 On January 13, 1992, we dismissed Floyd's original appeal of this same ruling for lack of jurisdiction, because the district court had not disposed of Floyd's motion to amend his complaint to allege negligence in the renewal of the insurance policy. The district court then granted leave to amend, but left its summary judgment ruling in effect. See J.A. at 45961. It also granted Royal's uncontested motion for summary judgment on this negligence claim. See id. at 498. Floyd's negligence action against Riedman, however, proceeded to trial, at which a jury awarded Floyd $17,990. Id. There is no appeal from that judgment; Floyd appeals only from the original, April 1991 summary judgment order